**Domingo German MACAVILCA–PARCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75400.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Theodore A. Mahr, Esq., Moses Lake, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Susan M. Harrison, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Domingo German Macavilca–Parco, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and grant in part the petition for review and remand.

■ Substantial evidence supports the BIA's conclusion that the record evidence, including the magistrate court's report, is insufficient to establish past persecution for the purposes of withholding of removal because the only physical harm suffered by Macavilca–Parco was a single beating perpetrated by unknown assailants. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (one beating not connected to any particular threat did not compel a finding of past persecution).

■ Nevertheless, the BIA failed to address Macavilca–Parco's claim that it is more likely than not that he would be subject to persecution if removed to Peru. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001). We grant the petition for review on this claim and remand to allow the BIA to address it in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005) ("[t]he BIA [is] not free to ignore arguments raised by a petitioner").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the BIA's denial of CAT relief because Macavilca–Parco did not establish that it is more likely than not that he would be tortured if returned to Peru. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, we deny petitioner's pro se motion for judicial notice.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**